**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| JAVIER SANTANA RUIZ, AKA Javier Ruiz Santana, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  16-70204 <br><br> Agency No. A088-752-099 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2019**
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,*** District
Judge.

An immigration judge ("IJ") denied Javier Santana Ruiz's applications for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

The Board of Immigration Appeals ("BIA") dismissed Santana's appeal. We have jurisdiction of Santana's petition for review under 8 U.S.C. § 1252 and deny the petition.

1.     Substantial evidence supports the IJ's finding that Santana failed to establish that he had suffered past persecution in Mexico because of a protected ground. *See* 8 U.S.C. § 1231(b)(3)(A). The evidence instead supported the conclusion that Santana was the victim of "harassment by criminals motivated by theft," which "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). The BIA also correctly concluded that Santana's proposed social group of those persecuted by police is impermissibly circular. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (BIA 2008) (holding that a social group could not "be defined exclusively by the fact that its members have been subjected to harm in the past"); *Matter of A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 74 (BIA 2007) (same); *see also Reyes v. Lynch*, 842 F.3d 1125, 1135–36 (9th Cir. 2016) (stating that a social group cannot be "amorphous," and must "generally be recognizable by other members of the community" (quoting *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088-89 (9th Cir. 2013)).

2.     Substantial evidence supports the IJ's conclusion that Santana did not establish a reasonable likelihood of torture if returned to Mexico. *See* 8 C.F.R. § 1208.16(c)(2). Santana offered no reason to believe that his assailants—whom he

2

described as motivated by pecuniary gain—would seek him out, years later, now that he no longer operates a business. Substantial evidence also supports the IJ's finding that Santana could relocate to live with his family in Oaxaca, a considerable distance from where he was attacked. *See Maldonado v. Lynch*, 786 F.3d 1155, 1162–64 (9th Cir. 2015) (en banc).

**PETITION DENIED**